# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WANDA R. LOVELACE § | |
| § | |
| v. § | |
| § | Case No. 2:19-cv-00012-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION § | |
| § | |

## **MEMORANDUM RULING**

On December 11, 2017, Administrative Law Judge Ralph F. Shilling issued a decision finding that Petitioner Wanda R. Lovelace was not disabled within the meaning of the Social Security Act from June 1, 2016, through the date of the decision. Mrs. Lovelace, who was 50 with a high school education at that time,[1] was found to be suffering from severe impairments consisting of intellectual disorder, lumbar disc disease, cellulitis, sleep apnea, hypertension, varicose veins, and obesity. The ALJ found that these impairments resulted in restrictions on her ability to work, but not the type of impairment or combination of impairments that met or medically equaled the severity of an Appendix 1 Listing.[2] Tr. 17. The ALJ also found that she had not engaged in any substantial gainful activity since at least the amended onset date of June 1, 2016.[3] Before that time, the record shows that she had worked as a housekeeper for around 20 years. Tr. 275.

After reviewing the medical records and receiving the testimony at the October 18, 2017 video hearing at which Petitioner was represented by a non-attorney representative, the ALJ determined that Petitioner had the residual functional capacity to perform light work in a limited

---

[1] While claimant had completed high school, she had taken Special Education classes in reading, spelling, and math. Tr. 19.
[2] This Listing can be found at 20 C.F.R. Pt. 404, Subpt. P, App. 1.
[3] The original alleged onset date was July 24, 2015.

1

capacity as defined in the Social Security regulations. Tr. 18. The ALJ further determined that Petitioner could not perform her past relevant work, which is "medium" in its exertional requirements.

Relying upon the testimony of a vocational expert, Patricia K. McLaughlin, the ALJ determined that Petitioner had the capacity to perform various "light work" jobs that exist in significant numbers in the national economy, such as small products assembler, electronics worker, and hand packager. Tr. 22, 40. This finding resulted in the determination that Petitioner was not entitled to Social Security benefits under either her application for Disability Insurance Benefits or her application for Supplemental Security Income. Petitioner appealed this finding to the Appeals Council, which denied review on November 15, 2018. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir. 1986).

Petitioner raises two issues on this appeal:

1. The ALJ erred by failing to evaluate or provide an explanation for rejecting the medical opinion of Dr. Grant;

2. The ALJ's mental RFC assessment was not based upon any medical opinion of record and therefore is not supported by substantial evidence.

*Issue No. 1:*

Petitioner's primary argument on this issue is that the ALJ failed to explain why he did not adopt or give specific weight to the opinion of Dr. Grant,[4] who performed a psychological evaluation of Petitioner on August 23, 2016. Dr. Grant's findings were summarized into a report, entitled "Psychological Report – IQ and Mental Status." Tr. 483–487. Dr. Grant's prognosis from that report reads as follows:

> Ms. Lovelace presents as a 50 year old African American female functioning at a mild intellectual disability level of intellectual functioning.
>
> Ms. Lovelace is currently able to understand, carryout, and follow instructions. It is not likely that she would respond appropriately to work pressure in a work setting due to limited cognitive skills. Her ability to tolerate stress associated with competitive work and make reasonable occupational adjustments is poor. She does not appear to be able to manage funds without assistance.

Tr. 486

During the October 18, 2017 hearing, the ALJ first asked the VE if a "hypothetical person [had] that same residual functional capacity, same age, education and experience as the claimant, would there be other jobs in the national economy in significant numbers that a hypothetical person could perform?" The VE responded, "Yes" and gave a few examples. Tr. 40. Then, relying on Dr.

---

[4] Since Lovelace's claim was filed, the Social Security Administration has changed its regulations so that ALJs are no longer required to assign each medical opinion a weight. *See* 20 C.F.R. §§ 404.1520c(a) (for claims filed on or after March 27, 2017); 404.1527 (for earlier claims).

Grant's report, the ALJ asked the VE "[i]f a hypothetical individual could not respond appropriately to work pressure in a work setting due to limited cognitive skills, would any past work or other work be available?" The VE replied, "I would say no. That would be more supported employment environment." The ALJ then asked "[i]f a hypothetical individual could not tolerate work stress and make reasonable occupational adjustments would any past work or other work be available" to which the VE responded "No. There would not." Tr. 41.

In his decision, the ALJ acknowledged Dr. Grant's report, relevantly stating "it is not likely that [Petitioner] would respond appropriately to work pressure in a work setting due to limited cognitive skills, and her ability to tolerate stress associated with competitive work and make reasonable occupational adjustments is poor." Tr. 21. However, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 22. Therefore, the ALJ denied Petitioner's claim, finding she was not under a disability as defined in the Social Security Act during the relevant time period.

The Fifth Circuit has long held that opinions from examining physicians must be considered. *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)(1)). The exception to this rule is that "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. *Greenspan*, 38 F.3d at 237. However, it is fundamental that "[t]he ALJ cannot reject a medical opinion without an explanation." *Kneeland*, 850 F.3d at 760 (brackets in original) (citing *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980); *Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979)).

In this case, the ALJ specifically referenced Dr. Grant's report as discussed above. However, the ALJ, in his decision, provided no apparent reasoning for why he did not adopt or give specific weight to Dr. Grant's report, specifically the portion where Dr. Grant opined that Petitioner would not respond appropriately to work pressure in a work setting.

As an initial matter, the Commissioner concedes that the ALJ did not assign specific weight to Dr. Grant's opinion. (Dkt. No. 18 at 7). The ALJ was required to assign a specific weight to Dr. Grant's opinion here according to the regulations in place at the time the claim was filed in 2016. *See* 20 C.F.R. § 404.1527 ("we will evaluate every medical opinion we receive" and "consider all of the following factors in deciding the weight we give").

Instead, the Commissioner provides potential reasons why the ALJ did not fully accept Dr. Grant's prognosis in his Brief in Support of the Commissioner's Decision. (Dkt. No. 18 at 7). First, the Commissioner argues that "the ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990). The Commissioner further argues Dr. Grant's report described activities by Petitioner that do not support a restriction from all work stresses and work pressures as the report recommends. Finally, the Commissioner argues that non-examining, mental health assessments of Petitioner by state agency medical consultants do not support a disabling mental impairment.[5] (*Id*. at 9).

However, courts only review the reasoning present in the ALJ's decision, not later attorney arguments. *See Kneeland*, 850 F.3d at 761 (citing *Copeland v. Calvin*, 771 F.3d 920, 923 (5th Cir. 2014) ("We may affirm only on the grounds that the Commissioner stated for his decision.");

---

[5] The non-examining, mental health assessments by state agency medical consultants took place on October 20, 2016, by Jane V. Buerger, Ph.D., and on September 30, 2016, by Blaine Carr, Ph.D. Tr. 48-51.

5

*Newton v. Apfel*, 209 F.3d 448, 452 ("Conflicts in the evidence are for the [Commissioner] and not the courts to resolve."); *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007) ("We may not reweigh the evidence or substitute our judgment for that of the Commissioner.")). Since these arguments do not appear in the ALJ's report, they are not persuasive.

Furthermore, these explanations do not get at the heart of the matter. Dr. Grant found that Petitioner would not likely respond appropriately to work pressure in a work setting. Tr. 486. The VE stated that no work would be available for an individual that could not tolerate work pressure. Tr. 41. Yet, the ALJ rejected Petitioner's application, finding that jobs existed that she could perform. Tr. 22. This conclusion implies that the ALJ rejected Dr. Grant's medical opinion.

An ALJ has "the sole responsibility for determining the claimant's disability status." *Moore*, 919 F.2d at 905. But an "ALJ cannot reject a medical opinion without an explanation." *Kneeland*, 850 F.3d at 760. The Brief in Support of the Commissioner's Decision does not point to anywhere in the ALJ's report where the ALJ explained his reasons for rejecting Dr. Grant's opinion. Thus, the Court finds that the Commissioner did not meet the standard set forth by the Fifth Circuit.

The Court finds that the ALJ failed to articulate a sufficient basis for the finding of no disability and the resulting RFC. An examining medical opinion that supported a finding of disability was disregarded without explanation. While the Court is mindful of the teaching of *Moore v. Sullivan*, it does not find that the Commissioner has met the standard set forth by the Fifth Circuit.

*Conclusion:*

Having found that substantial evidence does not support the finding of the ALJ, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this opinion.

**SIGNED this 18th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE